UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | CRIMINAL CASE NO. C-20-837 |
| SIVA BROWN | § § | |

### ORDER GRANTING UNOPPOSED MOTION FOR CONTINUANCE

Pending before the Court is the Defendant's Unopposed Motion for Continuance filed on July 28, 2020. (Dkt. No. 9). Counsel for Defendant represents that more time is needed to conduct investigation, review discovery and to prepare for trial. Counsel also represents that a failure to grant a continuance will result in a miscarriage of justice.

Under the Speedy Trial Act, a district court may grant a continuance and exclude the resulting delay from the time in which a trial must commence if it makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interests in a speedy trial. 18 U.S.C. § 3161(h)(7).

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court **FINDS** that:

- The ends of justice are best served by granting a continuance; and

- A continuance outweighs the best interest of the public and the Defendant in a speedy trial;

Pursuant to 18 U.S.C. § 3161(h)(7)(B), the Court also **FINDS** the following factors to apply to the case at hand:

_____ (1) That the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.

_____ (2) That the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Speedy Trial Act.

\_\_\_\_ (3)     That, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

_x_ (4)     That the failure to grant such a continuance in this case which, taken as a whole, is not so unusual or so complex as to fall within clause (2) above, would deny the defendant or the government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

\_\_\_\_ (5)     Other relevant factors: _____

_____

_____

Accordingly, the Motion for Continuance is **GRANTED**. It is **ORDERED** that a period of excludable delay commenced on the date this Motion for Continuance was filed and will end at commencement of trial or disposition of charges.

The following schedule will control the disposition of this case:

| | | |
|---|---|---|
| 1. | **MOTIONS will be filed no later than** | 20 calendar days prior to the Final Pretrial Conference |
| 2. | **RESPONSES will be filed no later than** | 10 calendar days after the Motion is filed |
| 3. | **PROPOSED VOIR DIRE, MOTIONS IN LIMINE, EXHIBIT and WITNESS LISTS, and PROPOSED JURY CHARGE and QUESTIONS will be filed no later than** | <u>August 28, 2020</u> |
| 4. | **FINAL PRETRIAL CONFERENCE set for** | <u>September 1, 2020 at 2:00 p.m.</u> |
| 5. | **JURY SELECTION and TRIAL set for** | <u>September 8, 2020 at 9:00 a.m.</u> |

The parties must notify the Court in writing regarding any plea bargain or plea agreement in this cause on or before **<u>3 days before the Final Pretrial Conference.</u>** No plea bargain or plea agreement entered into after this date will be honored by this Court without good cause shown for the delay. Any motion to continue the Final Pretrial Conference and Jury Selection and Trial must

2

be filed no later than **3 days before the Final Pretrial Conference**. Failure to abide by the deadlines may result in motions being stricken or denied.

Direct questions about this schedule to:

Kellie Papaioannou,
Case Manager to Hon. Drew B. Tipton
Kellie_Papaioannou@txs.uscourts.gov
(361) 693-6403

It is SO ORDERED.

SIGNED the 28th day of July 2020.

*Drew B. Tipton*
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**